UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  9/10/2025
```

E. SMITH,[1]

                          Plaintiff,

            -v-

COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATON,

                         Defendant.

**ORDER**

23-CV-02339 (HJR)

**HENRY J. RICARDO, United States Magistrate Judge.**

Following a remand and the subsequent award of benefits, Plaintiff E. Smith ("Plaintiff") has now moved for attorney's fees pursuant to 42 U.S.C. § 406(b) in this social security case. For the reasons set forth below, the motion is **GRANTED**.

## I.    BACKGROUND

### A. Facts & Procedural History

On February 10, 2020, Plaintiff filed applications for Social Security benefits and Supplemental Security Income Benefits. Declaration of Charles E. Binder ("Binder Decl.") ¶ 1, Dkt. No. 23. The Social Security Administration ("SSA") denied her claims, and Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") on August 26, 2020. *Id.* On September 1, 2021, following that hearing, ALJ Kimberly L. Schiro determined Plaintiff was not disabled. *Id.* ¶ 2. Plaintiff then timely requested review by the Appeals Council, which was denied. *Id.*

---

[1] To preserve her privacy, Plaintiff is referred to by her last name and the first initial of her first name.

1

Upon her decision to pursue an appeal in the United States District Court, Plaintiff retained present counsel, Charles Binder and his firm. *Id.* ¶ 3. The parties executed a retainer agreement, which authorized Binder to file suit in federal court and provided for Binder to receive 25 percent of any award of past-due benefits. *Id.* On March 20, 2023, Plaintiff commenced an action in this Court. *Id.* ¶ 4. On May 6, 2024, the Honorable James L. Cott issued an Opinion and Order remanding the case for further administrative proceedings. *Id.*

On May 9, 2024, the parties stipulated to attorney's fees in the amount of $6,459.75 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, as well as $402 in costs. *Id.* ¶ 5; Stipulation, Dkt. No. 20. Following the Court's Order, the Appeals Council remanded the case for further administrative proceedings. Binder Decl. ¶ 6. On remand, ALJ Schiro found Plaintiff disabled since her onset date of June 5, 2017. *Id.*

By Notice of Award, dated December 31, 2024, the SSA informed Plaintiff that she was entitled to past due benefits of $95,460.00. *See id.* ¶ 12; Binder Decl. Ex. C, Dkt. No. 23-1 at 1. In the Notice of Award, the SSA also stated that it had withheld $23,865.00 (or 25 percent of the past due benefits) "to pay [Plaintiff's] representative." Binder Decl. Ex. C at 3. Plaintiff received notice of the award on January 2, 2025. Binder Decl. ¶ 12. On January 15, 2025, less than 14 days after

receiving notice of his benefits award, Plaintiff filed a Motion for attorney's fees pursuant to 42 U.S.C. § 406(b). Motion for Attorney Fees, Dkt. No. 21.[2]

In her motion papers, Plaintiff seeks a court order approving an attorney's fee award of $23,865.00 for 26.1 hours of work performed. Memorandum of Law in Support of Plaintiff's Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b) ("Pl. Mem.") at 2, Dkt. No. 22; Binder Decl. Ex. B, Dkt. No.23-1. On January 21, 2025, the Commissioner filed a response to Plaintiff's motion in his limited role "resembling that of a trustee for the claimant[]," and neither supported nor opposed the request for fees. Commissioner's Response to Plaintiff's Motion for Attorney's Fees Under 42 U.S.C. § 406(b) ("Comm'r Resp.") at 1, Dkt. No. 24 (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002)). Plaintiff did not submit any reply papers. On June 18, 2025, the case was reassigned to the undersigned.

## II.   DISCUSSION

### A. Legal Standards

Pursuant to Section 206(b) of the Social Security Act, "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation," as long as the fee does not exceed "25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A). Even if the claimant agreed to a contingency fee

---

[2] Motions for attorney's fees under Section 406(b) are "subject to the fourteen-day filing limitation of Rule 54(d)(2)(B) [of the Federal Rules of Civil Procedure] once a party receives notice of a benefits calculation following a sentence four remand judgment." *Sinkler v. Berryhill*, 932 F.3d 83, 89 (2d Cir. 2019).

arrangement, Section "406(b) calls for court review of such arrangements as an independent check." *Gisbrecht*, 535 U.S. at 807. To do so, courts must first determine whether "the contingency percentage is within the 25% cap . . . [and] whether there has been fraud or overreaching in making the agreement." *Dorta v. Saul*, No. 18-CV-396 (JLC), 2021 WL 776446, at *1 (S.D.N.Y. Mar. 1, 2021) (quoting *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990)).

A court must then consider the following factors to determine the reasonableness of a requested award:

> 1) whether the requested fee is out of line with the "character of the representation and the results the representation achieved"; 2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and 3) whether "the benefits awarded are large in comparison to the amount of time counsel spent on the case," the so-called "windfall" factor.

*Nieves v. Colvin*, No. 13-CV-1439 (WHP) (GWG), 2017 WL 6596613, at *1 (S.D.N.Y. Dec. 26, 2017) (quoting *Gisbrecht*, 535 U.S. at 808), *adopted by* 2018 WL 565720 (Jan. 24, 2018); *see also Wells*, 907 F.2d at 371 (the "best indicator of the 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client"). With respect to the third factor—whether a requested fee would be a "windfall"—courts consider several factors, including:

> 1) whether the attorney's efforts were particularly successful for the plaintiff, 2) whether there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research, and finally 3) whether the case was

4

handled efficiently due to the attorney's experience in handling social security cases.

*Dorta*, 2021 WL 776446, at *2 (quoting *Joslyn v. Barnhart*, 389 F. Supp. 2d 454, 456–57 (W.D.N.Y. 2005)).

An attorney may receive fee awards under both the EAJA and § 406(b), but where the attorney receives two fee awards for the same work, he must "refun[d] to the claimant the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796 (citation omitted). Notably, Section 406(b)'s 25 percent cap applies only to fees awarded for federal court work and not the aggregate amount of fees under both § 406(a) and (b). *See Culbertson v. Berryhill*, 139 S. Ct. 517, 522 (2019).

### B. Analysis

#### 1. Reasonableness

In this case, each of the reasonableness factors weighs in favor of approving the fee request. As a threshold matter, the requested fee is equal to the 25 percent negotiated in the contingency fee agreement between Plaintiff and Binder, and there is no evidence of "fraud or overreaching" in reaching the agreement. *Wells*, 907 F.2d at 372.

Regarding the quality of the representation, Binder and his firm represented Plaintiff in a federal court proceeding, obtaining a favorable order to remand. Further, Binder submitted a detailed, non-boilerplate memorandum of law. *See* Binder Decl.; Plaintiff's Brief, Dkt. No. 14. As a result of Binder's advocacy, Plaintiff received a substantial award of past due benefits. Moreover, nothing in the record suggests that counsel unreasonably delayed the proceedings. Neither

5

would the requested fees amount to a "windfall," as Binder's efforts were "particularly successful" given that he ultimately secured Plaintiff $95,460.00 in past due benefits. *See, e.g.*, *Ward v. Kijakazi*, No. 20-CV-5412 (PGG) (JLC), 2023 WL 329210, at *3 (S.D.N.Y. Jan. 20, 2023) (attorney's efforts were "particularly successful" when claimant received fully favorable decision from SSA and award of more than $71,000 of past-due benefits), *adopted by* 2023 WL 5321032 (Aug. 18, 2023); *see generally Cruz v. Saul*, No. 17-CV-3951 (GBD) (JLC), 2020 WL 3965345, at *3 (S.D.N.Y. July 14, 2020) (same for $25,000 in past-due benefits secured for claimant).

Binder's *de facto* hourly rate is $914.37 per billed hour ($23,865/26.1 hours = $914.37). Binder Decl. Ex. B. Such a rate is reasonable. Indeed, courts have approved of effective hourly rates more than the amount requested by Binder. *See, e.g.*, *Fields v. Kijakazi*, 24 F.4th 845, 854 (2d Cir. 2022) (awarding fees where effective rate was $1,556.98 per hour); *Schiebel v. Colvin*, No. 6:14-CV-739 (LEK) (TWD), 2016 WL 7338410, at *3 (N.D.N.Y. Dec. 19, 2016) (citing cases where hourly rates between $1,324.52 and $2,100 were not unreasonable); *Kazanjian v. Astrue*, No. 9-CV-3678 (BMC), 2011 WL 2847439, at *2 (E.D.N.Y. July 15, 2011) (awarding what amounted to a $2,100 hourly rate). Lastly, because contingency agreements like the one here present risks of nonpayment, "any reasonable fee award must take account of that risk." *Nieves*, 2017 WL 6596613, at *2 (quoting *Wells*, 907 F.2d at 371).

### 2. Return of the EAJA Award

With respect to the EAJA fee award, where a plaintiff's counsel received fees for the same work before a district court under the EAJA and Section 406(b), counsel must refund to the plaintiff the amount of the smaller fee. *See Gisbrecht*, 535 U.S. at 796 ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must refund to the claimant the amount of the smaller fee." (internal quotations and citations omitted)). Accordingly, Binder should, as proposed in his motion papers, be ordered to remit to his client the $6,459.75 he previously received per the EAJA. *See* Pl. Mem. at 3.

### III.   CONCLUSION

For these reasons, counsel's request for an award is **GRANTED**. The SSA is ordered to pay counsel $23,865.00 out of the amount that the SSA has withheld from Plaintiff's past-due benefits, and counsel is ordered to pay his client the $6,459.75 he received pursuant to the EAJA upon receipt of the $23,865.00 in attorney's fees.

**SO ORDERED.**

Dated: September 10, 2025
   New York, New York

Henry J. Ricardo
United States Magistrate Judge